## CIRCUIT COURT OF ROANOKE COUNTY

H & H Associates, L.C.

v.

Big John's Auto Recycling, L.L.C.,
and John Blankenship

November 26, 2012

Case No. CL11-1004

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff L.C., Landlord, negotiated with Defendant John Blankenship, Guarantor, for the lease of a business premises through a legal entity not yet formed at the time of the initial negotiations. The intent of the parties was that the new legal entity, subsequently formed and called Big John's Auto Recycling, L.L.C., Tenant, would sign a five year lease for the business premises and that John Blankenship would sign as a guarantor. A letter of intent was executed and Tenant moved into the premises on October 1, 2010, prior to actually executing the written lease and prior to it being signed by Guarantor. After taking possession of the business premises and opening its new auto salvage yard, Tenant argued with Landlord concerning the condition of one of the business buildings and refused to execute the written lease. On June 30, 2011, eight months after taking over the business property, Tenant vacated the premises claiming that Landlord had no recourse as a written lease and guarantee agreement had not been signed by either Tenant or Guarantor. During the term of Tenant's tenure on the business premises, it paid Landlord the previously negotiated monthly lease payments. It also agreed to purchase $17,000.00 worth of Landlord's scrap automobiles, but failed to do so, even though Tenant sold parts from them and kept all of the proceeds.

On August 11, 2011, Landlord filed suit against both Tenant and Guarantor for damages for the breach of the lease, its concomitant loss of monthly lease payments accelerated, and for the conversion and sale of

Landlord's personal property. Defendant Tenant and Defendant Guarantor jointly filed an answer to the complaint on August 31, 2011. After more than a year of discovery, negotiations, and trial preparation, on September 18, 2012, Defendants filed a Motion to Dismiss. They claim in their motion that the lease is unenforceable and in violation of the Statute of Frauds as it was never signed by the Defendants. Plaintiff Landlord objects to the Motion to Dismiss as not being timely filed and because Landlord claims that the complaint alleges sufficient facts to remove this case from the defenses of the Statute of Frauds.

## Timeliness of Motion to Dismiss

Defendants filed an answer to the complaint in a timely manner. Then, over a year later, without requesting leave of Court to withdraw that answer and file a motion to dismiss, Defendant has attempted to do just that, in violation of Rule 3:8 of the Rules of the Supreme Court of Virginia. Rule 3:8 is very clear in its dictates and explanations. A responsive pleading must be filed within twenty-one days of service of the complaint and includes not just an answer, but also "a demurrer, plea, motion to dismiss, and a bill of particulars." Defendants' second responsive pleading, the motion to dismiss, is attempted to be filed more than twenty-one days after the service of the complaint, without a showing of necessity or extraordinary circumstances, and without leave of Court. As such, it is a nullity. See *O'Neill v. Cole*, 194 Va. 50 (1952).

## Statute of Frauds

In the alternative, assuming that the motion to dismiss was properly before the Court, Plaintiff has alleged sufficient facts to support each of the elements of equitable estoppel. If proven, that would be a defense to the allegation of a violation of the statute of frauds. In order to show the equitable estoppel exception to a violation of the statute of frauds, the individual seeking to enforce an agreement, "absent a showing of fraud and deception," must prove representation, reliance, a change of position, and detriment." *T. v. T.*, 216 Va. 867, 872-73 (1976). That is all contained in Plaintiff's complaint.

Notwithstanding the equitable estoppel defense to a claim of a violation of the statute of frauds, Plaintiff has also alleged in his complaint that the agreement has been partially performed. The necessary elements of part performance are that the agreement must be certain and definite in its terms, that the partial performance alleged must result from or clearly be made in pursuance of the agreement, and that the agreement has been executed to such an extent that failure to complete it would constitute a fraud upon one

of the parties by denying him compensation for fulfillment of his end of the agreement. See *Runion v. Helvesine*, 256 Va. 1, 6 (1998). If proven, partial performance would also amount to a legal justification for violation of the statute of frauds.

Defendant's attempt to cause the Plaintiff's case to be dismissed prior to trial is denied.